UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE SEPTEMBER 11 LITIGATION
ROBERT WATSON, individually and personal representative of the Estate of Evelyn Watson deceased,

                Plaintiff,

-against-

UAL CORP; N.Y.C. TRANSPROTATION AUTHORITY; HUNTLEIGH USA CORPORATION; WTCHP; KNIKESHA L. BANKS, CDC/NIOSH/WTCHP; TIWARI SHRUTI, WTCHP,

                Defendants.

1:24-CV-6967 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Robert William Watson Jr., who is appearing *pro se*, filed this action invoking the court's diversity jurisdiction. He alleges, however, that the bases for the court's federal question jurisdiction to consider this action are "Section 242 of Title 18; 1st Amendment Rights[;] 4th Amendment[] Rights[;] 14th Amendment Rights." (ECF 1, at 3.) In addressing the amount in controversy with regard to his invocation of the court's diversity jurisdiction, Plaintiff states "[t]he September 11th Victim Compensation Fund (VCF) awards amount of wrongful death claims related to the terrorist attacks in the amount: Decedent $250,000, Surviving Spouse[] $100,000, each Surviving Dependent[] $100,000." (*Id.* at 4.)

    Plaintiff seeks damages. He sues: (1) "UAL Corp." (United Airlines Corporation); (2) "N.Y.C. Transportation Authority," which the Court understands to be the New York City Transit Authority ("NYC Transit"); (3) Huntleigh USA Corporation ("Huntleigh"); (4) the World Trade Center Health Program ("WTCHP"); (5) L. Banks, who is alleged to be associated with the WTCHP, the Centers for Disease Control ("CDC"), and the National Institute for

Occupation Safety and Health (NIOSH); and (6) Tiwari Shruti, who is also alleged to be associated with the WTCHP.

After he filed his complaint, Plaintiff filed, in this court, an "Emergency Motion for Declaratory Judgment," though it is styled for the Court of Appeals. (ECF 9.) In that motion, Plaintiff asks for declaratory relief "affirming" that the Victim Compensation Fund ("VCF") claims that he and his deceased mother (Evelyn Watson) filed "are valid and require immediate processing and disbursement." (*Id.* at 2.) He also asks, in that motion, for an order "[d]irecting the appropriate agencies and parties, including the . . . [VCF] administrators, to expedite the processing and payment of these claims." (*Id.*) Plaintiff has filed a further motion in which he requests a "summary judgment conference." (ECF 10, at 8.)

Despite Plaintiff's references to constitutional provisions, it appears that he asserts civil claims arising from what he believes are his and his deceased mother's estate's entitlement to funds for compensation for injuries sustained as a result of the terrorist attack at the World Trade Center on September 11, 2001, including funds from the VCF. The Court also construes the complaint as asserting claims seeking the criminal prosecution of at least one of the defendants, claims of federal constitutional violations brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), as well as claims under state law.

By order dated September 18, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff 30 days' leave to replead certain specified claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

2

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The facts that are the bases for Plaintiff's claims are difficult to understand. Plaintiff seems to allege that he was working at the World Trade Center when it was attacked by terrorists on September 11, 2001. He also alleges that he is enrolled in the WTCHP. He further states that Defendant Banks "has filed an order of protection against" him and that this action is associated with United Airlines. (ECF 1, at 11.)

Plaintiff's "Emergency Motion for Declaratory Judgment" (ECF 9), which the Court construes as a supplement to the complaint, is somewhat clearer. In that submission, Plaintiff indicates that both he and his mother, Evelyn Watson, who is now deceased, filed claims with the VCF and have received VCF claim numbers. (*Id.* at 1). In that motion, Plaintiff states that he "has not been compensate[ed] for the death claim of Evelyn Watson . . . , nor for [his own] personal injury claim . . . related to the terrorist attacks on September 11, 2001, despite extensive filings and compliance efforts." (*Id.*) Plaintiff describes himself, in that motion, as "a permanently disabled 9/11 survivor suffering from severe health conditions directly arising from the events at the World Trade Center." (*Id.* at 1-2.)

## DISCUSSION

**A.    Plaintiff's claims brought on behalf of the Estate of Evelyn Watson**

Plaintiff cannot assert claims on behalf of the estate his deceased mother, Evelyn Watson. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another person. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.

4

1998). In addition, a nonlawyer beneficiary is not permitted to assert claims on behalf of a deceased person's estate *pro se* when there are other beneficiaries or creditors of that estate. *Compare Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019) ("[W]hen the administrator and sole beneficiary of an estate with no creditors seeks to appear *pro se* [in federal court] on behalf of the estate, she is in fact appearing solely on her own behalf, because she is the only party affected by the disposition of the suit. Under those circumstances, the assignment of the sole beneficiary's claims to a paper entity—the estate—rather than to the beneficiary herself, is only a legal fiction." (citing *Guest v. Hansen*, 603 F.3d 15, 20-21 (2d Cir. 2010))), *with Guest*, 603 F.3d at 20 ("Where there are other beneficiaries, 'an action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings." (quoting *Iannaccone*, 142 F.3d at 559))). In addition, under New York law, a person may not assert claims *pro se* on behalf of a deceased person's estate unless that living person has been appointed as the estate's personal representative. *See Heslin v. Cnty. of Greene*, 14 N.Y.3d 67, 76 n.7 (2010); *Palladino v. Metro. Life Ins. Co.*, 188 A.D. 2d 708, 709 (3d Dep't 1992).

Plaintiff alleges no facts as to whether, other than himself, there are beneficiaries or creditors associated with his deceased mother's estate. In addition, he alleges nothing to suggest that he has been appointed as that estate's personal representative. Accordingly, to the extent that Plaintiff asserts claims on behalf of the Estate of Evelyn Watson, his deceased mother, the Court dismisses these claims without prejudice.

**B.     Private criminal prosecution in not permitted**

By citing a federal criminal statute (18 U.S.C. § 242), Plaintiff seems to seek the federal criminal prosecution of at least one of the defendants. If that is the case, the Court must dismiss any claims seeking such relief. Plaintiff cannot initiate a criminal prosecution in this court

because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the federal criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the federal criminal prosecution of anyone, including any of the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

C.   **Claims against the WTCHP**

The Court must dismiss Plaintiff's claims against the WTCHP, which is a program operated by the CDC, a federal agency, under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including any suits against any branch or part of a branch of the federal government, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Egypt v. United States*, No. 1:23-CV-2930 (JGLC) (SDA), 2024 WL 3236803, at *6 (S.D.N.Y. May 30, 2024) ("The [Federal] Government, as sovereign, is generally immune from suit unless Congress has expressly waived that immunity."), *report & recommendation adopted*, 2024 WL 3236910 (S.D.N.Y. June 28, 2024); *see also Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). The

WTCHP has been found to enjoy federal sovereign immunity. *See Rodriguez v. United States*, No. 1:21-CV-10679 (LTS), 2022 WL 280891, at *4-5 (S.D.N.Y. Jan. 31, 2022); *O'Diah v. N.Y.C. Dep't of Hous.*, No. 1:21-MC-0577 (PKC), 2021 WL 1176222, at *4 (E.D.N.Y. Mar. 28, 2021).

Plaintiff alleges nothing to suggest that the doctrine of sovereign immunity has been waived with respect to his claims against the WTCHP. The Court therefore dismisses Plaintiff's claims against the WTCHP under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii), Fed. R. Civ. P. 12(h)(3).

**D.     The doctrine of issue preclusion**

This is not the first time that Plaintiff has asserted claims in this court arising from harm he alleges he suffered as a result of the terrorist attack at the World Trade Center on September 11, 2001. On October 11, 2023, Plaintiff filed a *pro se* action in this court against, among other individuals, Defendant Shurti (referred to in that action as "Shurti Tiwari"), asserting, amongst other claims, ones arising from injuries that he alleged that he sustained as a result of the September 11, 2001 terrorist attacks; this action was known as *Watson v. O'Brien*, 1:23-CV-8958 (LTS) ("*Watson I*"), and it was assigned to the undersigned. In an order dated November 27, 2023, the Court dismissed all of Plaintiff's claims in *Watson I sua sponte*, but granted Plaintiff 60 days' leave to replead certain claims in an amended complaint; the Court warned Plaintiff that if he did not file an amended complaint within the time allowed, the Court would direct the Clerk of Court to enter a judgment dismissing that action, which would specifically result in his claims under federal law being dismissed for failure to state claim on which relief may be granted, under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watson v. O'Brien*, No. 1:23-CV-8958 (LTS), 2023 WL 8236990 (S.D.N.Y. Nov. 27, 2023). Among the claims under federal law that the Court dismissed for failure to state a claim on which relief may be granted, under Section

7

1915(e)(2)(B)(ii), but granted leave to amend, were any claims that Plaintiff asserted arising from injuries that he may have sustained as a result of the terrorist attacks of September 11, 2001. *Id.* at *4. The Court specifically held that, "[t]o the extent that Plaintiff has filed a claim with the VCF, he has waived his right to bring any claim for damages, not excluded from the abovementioned waiver, that arises from any harm that he allegedly sustained as a result of the September 11, 2001 terrorist attacks."[1] *Id.* In addition, the Court noted that Defendant Shurti (Tiwari) was alleged to be a physician employed by NYC Health + Hospitals (formerly known as the New York City Health and Hospitals Corporation), and, thus, appeared to be a state actor for the purposes of liability with respect to Plaintiff's constitutional claims under 42 U.S.C. § 1983, but that Plaintiff had failed to allege facts showing how that defendant was directly and personally involved in the alleged violations of Plaintiff's federal constitutional rights. *Id.* at *3.

---

[1] As the Court previously noted:

> [the] waiver does not include any "civil action to recover collateral source obligations." The term "collateral source" is defined in the [relevant statute] as "all collateral sources, including life insurance, pension funds, death benefit programs, and payments by Federal, State, or local governments related to the terrorist-related aircraft crashes of September 11, 2001." [That statute was later amended] to allow VCF claimants "to sue individuals responsible for the attacks notwithstanding the waiver."

*Watson*, 2023 WL 8236990, at *4 n.1 (citations omitted).

The VCF's purpose is "to provide quick no-fault compensation decisions for victims while capping the litigation exposure of front-line defendants . . . [and] to protect the airline industry and other potentially liable entities from financially fatal liabilities while ensuring that those injured or killed in the terrorist attacks receive adequate compensation." *Virgilio v. City of New York*, 407 F.3d 105, 111 (2d Cir. 2005) (internal quotation marks and citation omitted). "[E]ligibility for [VCF] payment is conditioned upon a waiver by claimants of the right to file any civil action in state or federal court except for civil actions against those responsible for the attack or to recover collateral source obligations." *Id.* (internal quotation marks and citation omitted). Plaintiff appears to have filed a VCF claim, so he has waived his right to assert claims arising from injuries that he alleges he sustained as a result of the terrorist attacks on the World Trade Center on September 11, 2001, including any claims raised against a member of the airline industry, including UAL Corp.

The Court dismissed Plaintiff's claims under Section 1983 against Shurti *sua sponte*, for failure to state a claim on which relief may be granted, under Section 1915(e)(2)(B)(ii), but granted Plaintiff leave to replead those claims as well. *Id.*

Plaintiff did not file an amended complaint within the time period allowed. The Court therefore directed the Clerk of Court to enter a judgment dismissing that action; the *Watson I* civil judgment, which was issued and entered on March 1, 2024, specifically dismissed Plaintiff's claims brought in that action under federal law for failure to state a claim on which relief may be granted, under Section 1915(e)(2)(B)(ii). (ECF 1:23-CV-8958, 6.) Plaintiff did not appeal.

On November 2, 2023, Plaintiff filed another *pro se* action in this court asserting, among other claims, ones arising from injuries that he may have sustained as a result of the September 11, 2001 terrorist attack; this action was known as *Watson v. Sharpton*, 1:23-CV-9716 (LTS) ("*Watson II*"), and it was also assigned to the undersigned. In an order dated January 2, 2024, the Court dismissed that action, but granted Plaintiff 30 days' leave to replead his claims in an amended complaint. *Watson v. Sharpton*, No. 1:23-CV-9716 (LTS), 2024 WL 37102 (S.D.N.Y. Jan. 2, 2024). The Court again dismissed *sua sponte*, for failure to state claim on which relief may be granted, under Section 1915(e)(2)(B)(ii), Plaintiff's claims arising from injuries that he may have sustained as a result of the September 11, 2001 terrorist attacks, but granted leave to replead those claims. *Id.* at *3-4. The Court again specifically held that, "[t]o the extent that Plaintiff has filed a claim with the VCF, he has waived his right to bring any claim for damages, not excluded from the abovementioned waiver, that arises from any harm that he allegedly sustained as a result of the September 11, 2001 terrorist attacks." *Id.* at *4. The Court granted Plaintiff leave to replead "those claims in an amended complaint in which he alleges facts

9

showing that he has not filed a claim with the VCF, and therefore has not waived his right to assert those claims." *Id.* Plaintiff filed an amended complaint in response to that order. In an order dated February 26, 2024, and entered on February 29, 2024, the Court dismissed *Watson II sua sponte*. *Watson v. Sharpton*, No. 1:23-CV-9716 (LTS), 2024 WL 870243 (S.D.N.Y. Feb. 29, 2024). In that order, the Court specifically noted that:

> [w]ith respect to his claims arising from injuries sustained in the September 11, 2001 terrorist attacks, Plaintiff does not allege any facts showing that he has not filed a claim with the VCF. In fact, he states that he "has exhausted all administrative remedies" with the VCF, and he attaches documents showing that he did file a claim with the VCF.

*Id.* at *2. The Court specifically dismissed those claims *sua sponte*, for failure to state a claim on which relief may be granted, under Section 1915(e)(2)(B)(ii). *Id.* Plaintiff did not appeal.

Here, in the present action, Plaintiff again appears to assert claims arising from injuries that he alleges he sustained as a result of the terrorist attack at the World Trade Center on September 11, 2001, as well as claims under Section 1983 against Shurti. In *Watson I* and in *Watson II*, the Court determined that, by filing a claim with the VCF, Plaintiff had waived his right to bring claims arising from that terrorist attack, excluding those that had not been waived because they were excepted from the abovementioned waiver. *Watson*, 2023 WL 8236990, at *3-4; *Watson*, 2024 WL 37102, at *3-4; *Watson*, 2024 WL 870243, at *2. Additionally, in *Watson I*, the Court decided that, with respect to Shurti (Tiwari), Plaintiff had failed to allege the direct and personal involvement of that defendant with respect to Plaintiff's claims of federal constitutional violations under Section 1983. *Watson*, 2023 WL 8236990, at *3. While the Court dismissed Plaintiff's claims in *Watson I* and in *Watson II sua sponte*, Plaintiff did not appeal the dismissals of any of the claims raised in either of those actions. Finally, Plaintiff's claims arising from alleged injuries sustained as a result of the terrorist attack on the World Trade Center on September 11, 2001, and his claims under Section 1983 against Shurti (Tiwari), were dismissed

10

on the merits in *Watson I* and in *Watson II* for failure to state a claim on which relief may be granted.

To the extent that Plaintiff asserts claims arising from any harm he experienced as a result of the terrorist attack at the World Trade Center on September 11, 2001, the Court must dismiss such claims under the doctrine of issue preclusion, otherwise known as "collateral estoppel." This doctrine bars relitigation of a specific legal or factual issue in a subsequent proceeding: where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted, alteration in original); *accord Seneca Nation v. Hochul*, 58 F.4th 664, 668 (2d Cir. 2023). It "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (internal quotation marks and citation omitted); *Fresh Del Monte Produce Inc.*, No. 13-CV-8997 (JPO), 2016 WL 236249, at *5 (S.D.N.Y. Jan. 20, 2016) ("It is *issue preclusion* . . . [that] permits 'an issue of fact or law [] actually litigated and determined by a valid and final judgment, and . . . essential to the judgment' to be 'conclusive in a subsequent action between the parties, whether on the same or a different claim.'" (quoting Restatement (Second) of Judgments § 27, p. 250 (1980)) (emphasis and alteration in original)); *see generally Baker v. Gen. Motors Corp.*, 522 U.S. 222, 234 (1998) ("We see no reason why the preclusive effects of an adjudication on parties and those 'in privity' with them, *i.e.*, claim preclusion and issue preclusion (res judicata and collateral estoppel),

should differ depending solely upon the type of relief sought in a civil action." (footnote omitted)). "A previous dismissal for failure to state a claim is a decision made on the merits for the purpose of future applications of issue preclusion." *Sterling v. ACS (Admin. For Children Servs.)*, No. 1:24-CV-5936 (LTS), 2025 WL 844418, at *8 (S.D.N.Y. Mar. 13, 2025) quoting *Curcio v. Grossman*, No. 22-CV-1648 (VB), 2022 WL 767167, at *4 (S.D.N.Y. Mar. 14, 2022) (internal quotation marks mitted), *aff'd sub nom.*, *Curcio v. Abrams*, No. 22-693, 2023 WL 31183 (2d Cir. Jan. 4, 2023) (summary order)); *see Sun v. Mo*, No. 1:24-CV-3630 (KPF), 2024 WL 3639158, at *9 (S.D.N.Y. Aug. 2, 2024) (same); *Jackson v. Warner Music Grp. Corp.*, No. 1:23-CV-10100 (LTS), 2024 WL 2958936, at *7 (S.D.N.Y. June 11, 2024) (same); *Clark v. DMV*, No. 1:22-CV-3086 (JGK), 2022 WL 1471349, at *9 (S.D.N.Y. May 9, 2022) (same); *Nealy v. Berger*, No. 08-CV-1322 (JFB) (AKT), 2009 WL 704804, at *10 (E.D.N.Y. Mar. 16, 2009). The Court may, on its own initiative, raise the defense of issue preclusion. *See Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of the Lao People's Democratic Republic*, 864 F.3d 172, 191 (2d Cir. 2017); *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (citing *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998)).

Accordingly, to the extent that Plaintiff asserts any claims arising from injuries that he alleges he sustained as a result of the terrorist attack on the World Trade Center on September 11, 2001, and any claims under Section 1983 against Shurti (Tiwari), the Court dismisses such claims under the doctrine of issue preclusion, for failure to state a claim on which relief may be granted.[2] *See* § 1915(e)(2)(B)(ii); *Wachtmeister v. Swiesz*, 59 F. App'x 428, 429 (2d Cir. 2003)

---

[2] Plaintiff alleges nothing to suggest that any of his claims raised in this action arising from injuries he sustained as a result of the terrorist attack on the World Trade Center on September 11, 2001, are excepted from the abovementioned waiver. It would appear that he had the opportunity to raise such claims in *Watson I* and/or *Watson II*, but did not do so.

12

(summary order) (a dismissal for issue preclusion is a dismissal for failure to state a claim on which relief may be granted); *Whitfield v. City of New York*, 760 F. Supp. 3d 126, 137 (S.D.N.Y. Dec. 23, 2024) (quoting *Wachtmeister*, 59 F. App'x at 429); *Sterling*, 2025 WL 844418, *8; *Sun*, 2024 WL 3639158, at *10; *Jackson*, 2024 WL 2958936, at *7; *Curcio*, 2022 WL 767167, at *5.

### E.    Claims under Section 1983 and *Bivens*

#### 1.    Claims against UAL Corp. and Huntleigh

Inasmuch as Plaintiff asserts claims of federal constitutional violations under Section 1983 and/or *Bivens* against UAL Corp. and Huntleigh, the Court must dismiss those claims. A claim for relief under Section 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor." (internal quotation marks and citation omitted, emphasis in original)). Claims under *Bivens* may only be brought against federal officers in their individual capacities. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007). "[*Bivens*] is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Iqbal*, 556 U.S. at 675-76 (internal quotation marks and citation omitted)).

Plaintiff alleges nothing to suggest that UAL Corp. or Huntleigh is either a state actor or a federal official. The Court therefore dismisses Plaintiff's claims under Section 1983 and/or

13

*Bivens* against these defendants for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### 2. Claims against Banks and Shruti

The Court understands that Plaintiff is asserting claims under *Bivens* against Banks, who appears to be a federal employee, and claims under *Bivens* or Section 1983 against Shruti, who may be either a federal employee or an employe of NYC Health + Hospitals, and therefore, a state actor. To state a claim under Section 1983, a plaintiff must allege facts showing that the state actor individual defendant was directly and personally involved in an alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). Such a defendant may not be held liable under Section 1983 solely because that individual employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). The same requirement applies when a plaintiff asserts a claim under *Bivens* against a federal official. *See, e.g.*, *Grajales v. Eli Lilly & Co.*, No. 1:23-CV-6972 (JPO), 2023 WL 6259654, at *3 (S.D.N.Y. Sept. 26, 2023), *appeal dismissed*, No. 23-7441 (2d Cir. Feb. 8, 2024) (effective Feb. 29, 2024); *Crumble v. United States*, No. 1:23-CV-4427 (LTS), 2023 WL 5102907, at *5 (S.D.N.Y. Aug. 7, 2023); *Van Stuyvesant v. Crane*, No. 1:23-CV-4394 (LTS), 2023 WL 4848404, at *8 (S.D.N.Y. July 27, 2023).

Plaintiff does not show how Banks and, notwithstanding the Court's previous determinations in *Watson I* and above, Shruti were directly and personally involved in any violations of Plaintiff's constitutional rights. The Court therefore dismisses Plaintiff's claims under *Bivens* and/or Section 1983 against Banks and Shruti for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to amend his complaint to allege facts showing how Banks and – to the extent that Plaintiff's claims against Shruti arise from events that occurred after those that are the bases for *Watson I* – Shruti were directly and personally involved in any violations of Plaintiff's constitutional rights.

### 3.     Claims against the NYC Transit

The Court also understands Plaintiff's complaint as asserting claims against NYC Transit under Section 1983. NYC Transit is a public benefit corporation created by New York State law; it can sue and be sued in its own name. N.Y. Pub. Auth. Law §§ 1201(1), 1204(1). When a plaintiff sues NYC Transit under Section 1983, it is not enough for the plaintiff to allege that its employees or agents engaged in some wrongdoing. The plaintiff must show that NYC Transit itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim against NYC Transit under Section 1983, the plaintiff must allege facts showing (1) the existence of an NYC Transit policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520

U.S. 397, 403 (1997) (internal citations omitted); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 122-24 (2d Cir. 1991) (applying *Monell* liability analysis to NYC Transit).

Plaintiff alleges nothing to suggest that a NYC Transit policy, custom, practice caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against NYC Transit for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to replead these claims in an amended complaint.

F.   **Claims seeking payment from the VCF**

It would appear that Plaintiff filed a VCF claim.[3] To the extent that he is dissatisfied with the administrative determination made with respect to that claim, he cannot seek judicial review of that denial in this court. *See Wewe v. Mt. Sinai Hosp.*, 518 F. Supp. 3d 643, 649 (E.D.N.Y. 2021) ("Both the VCF's authorizing statute and the Zadroga Act explicitly prelude judicial review by stating that determinations by the VCF Special Master 'shall be final and not subject to judicial review.'" (quoting Air Stabilization Act, Pub. L. 107-42, 115 Stat. 230, § 405(b)(3) (Sept. 22, 2001))), *appeal dismissed sub nom.*, *Wewe v. World Trade Ctr. Health & Monitor Program (WTC HP)*, No. 22-514, 2021 WL 3893774 (2d Cir. June 24, 2021); *Ewers v. Empire State Recovery Fund*, Nos. 1:19-CV-4599 (CM), 1:19-CV-4600 (CM), 2019 WL 13498511, at *1 (S.D.N.Y. Aug. 7, 2019) ("The Court does not provide judicial review of the VCF's determinations." (citing *Schneider v. Feinberg*, 345 F.3d 135, 148 (2d Cir. 2003))). Accordingly, to the extent that Plaintiff challenges a determination of the VCF with respect to his claims for

---

[3] Plaintiff filed a VCF claim on or before July 13, 2017. (ECF 1:24-CV-6967, 1, at 74.)

VCF funds, the Court dismisses such claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. 12(h)(3).[4]

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim with respect to those claims discussed above for which the Court has given him leave to amend (Plaintiff's claims under Section 1983 against Banks, Shruti, and NYC Transit), the Court grants Plaintiff 30 days' leave to replead those claims in an amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action. The effect of that judgment will be that: (1) Plaintiff's claims under federal law will be dismissed for the reasons discussed above; (2) the Court will decline to consider, under its supplemental jurisdiction, Plaintiff's

---

[4] The Court offers no opinion as to the merits of any claims for *mandamus* relief or for relief under the Administrative Procedure Act with regard to any efforts by Plaintiff to have the VCF compelled to decide his administrative VCF claim, if a determination had not been made with respect to that claim.

claims under state law; and (3) all of Plaintiff's pending motions and requests will be denied as moot.

### WARNING

In light of Plaintiff's litigation history discussed above, including his litigation in *Watson I*, *Watson II*, and in this action, the Court warns Plaintiff that, if he files any further vexatious, frivolous, or otherwise nonmeritorious litigation in this court IFP, the court may issue an order barring him from any future civil actions in this court IFP without obtaining the court's leave to file.[5] *See* 28 U.S.C. § 1651.

### CONCLUSION

The Court dismisses this action, but grants Plaintiff leave to replead those claims for which the Court has granted Plaintiff leave to replead in an amended complaint to be filed within 30 days of the date of this order.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action. The effect of that judgment will be that: (1) Plaintiff's claims under federal law will be dismissed for the reasons discussed above; (2) the Court will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law; and (3) all of Plaintiff's pending motions and requests will be denied as moot.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[5] The Court notes that, in an order issued by Judge Stanton of this court with respect to another of Plaintiff's *pro se* actions, Plaintiff received a similar warning. *Watson v. Sharpton*, ECF 1:24-CV-6916, 5, at 6-7 (S.D.N.Y. May 19, 2025).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   August 18, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge